UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARLA SUE PITTENGER,**

    **Plaintiff,**

v.                                                                     Case No: 5:23-cv-510-TJC-PRL

**MIKE DEWINE, MICHELLE LUION
GRISHAM, GRETCHEN WHITMER
and J. B. PRITZKER,**

    **Defendants.**

---

**ORDER**

Plaintiff, Marla Sue Pittenger, who is proceeding *pro se*, filed this action against the Defendants, Mike Dewine, Michelle Luion Grisham, Gretchen Whitmer, and J.B. Pritzker. Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II. Discussion

Plaintiff's complaint (Doc. 1) consists of 41 pages. Simply put, Plaintiff's allegations are almost entirely incomprehensible and resemble paranoid delusions. The complaint consists of rambling, incoherent statements and includes bizarre photographs, for example a close-up of what appears to be a dish of macaroni and cheese, a light fixture, clothing, and a woman's face and eye. Plaintiff's allegations, if they can be described as such, reference hidden cameras, microchips, affiliations with the King of Italy or a prince, and conversations with President Obama. For example, Plaintiff states, "I need your help to get that spy plane off me." (Doc. 1 at 29). She states, "I'm getting a court order to fingerprint me and cyber me out on the lightbulbs." (Doc. 1 at 29). Plaintiff purports to allege claims of conspiracy, breaking and entering, organized crime, cyber theft, email theft, pornography, property damage, and vandalism. (Doc. 1 at 3). Plaintiff alleges that her "stuff" was stolen out of her car and that the Government scratched phones, computers, tore her clothes, and damaged a car. (Doc. 1 at 4). In response to the complaint form's inquiry regarding where the events giving rise to her claim occurred, Plaintiff states, "Been going on for two years now. I went 2 south beach 2 visit a prince of Italy." (Doc. 1 at 4). Although Plaintiff has checked the boxes on the form complaint to indicate she brings her claims under 42 U.S.C. § 1983, her rambling allegations are far from sufficient to state such a claim.

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules,

and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has not alleged any viable basis for her claim under § 1983 or otherwise. The complaint fails to state a claim upon which relief can be granted. Although it appears highly doubtful that Plaintiff would be able to allege any viable claim, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for her claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.  Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **November 6, 2023,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on October 11, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties